IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KOOLCONNECT TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOSPITALITY NETWORK, LLC, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO: 1:09-cv-10563 |

**MEMORANDUM IN SUPPORT OF DEFENDANT HOSPITALITY NETWORK'S
MOTION TO DISMISS OR TRANSFER TO THE DISTRICT OF NEVADA**

Defendant, Hospitality Network, LLC ("Hospitality Network"), has moved to dismiss this action on the grounds of forum non conveniens or, alternatively, to transfer it to the U.S. District Court for the District of Nevada. As grounds for that Motion, and as discussed fully below, Hospitality Network asserts that fundamental notions of fairness and the interests of justice should preclude plaintiff, KoolConnect Technologies, Inc. ("KoolConnect"), from being able to pursue its claims in this Court.

**FACTUAL BACKGROUND**[1]

Hospitality Network is in the business of providing advanced in-room video-on-demand and high-speed Internet service to the hotel gaming industry. On or about June 30, 2004, Hospitality Network entered into an agreement with the Wynn Resorts Las Vegas ("Wynn Resorts" and the "Wynn Contract") to provide various hardware and software to be used in

---

1  The facts in this section can be found in the Complaint filed in this Action and the Complaint filed by Hospitality Network against KoolConnect in Nevada. Copies of these complaints are attached hereto as Exhibits A and B, respectively.

01349063

conjunction with approximately 3,000 televisions at Wynn Resorts's properties in Las Vegas. In order to fulfill its obligations under the Wynn Contract, however, Hospitality Network needed to utilize a so-called "Intrigue System" that was owned by General Dynamics. Thus, Hospitality Network contracted with General Dynamics (the "Intrigue Contract") to use that system. The Intrigue System, in turn, utilized television set-up boxes ("STB's"), which General Dynamics purchased from Eagle Broadband, Inc. ("Eagle"), a Texas corporation that has filed to do business in Nevada.[2]

After the Intrigue System was installed at Wynn Resorts, there were massive problems with its functionality stemming in part from the failure of the STB's to function properly. By this time, KoolConnect had assumed all of General Dynamics's rights and obligations under the Intrigue Contract, so Hospitality Network sued KoolConnect and Eagle in the State District Court in Nevada on December 19, 2008 ("Nevada Action").[3] Almost three months later, on March 10, 2009, KoolConnect filed a lawsuit in Suffolk Superior Court (the "Massachusetts Action") against Hospitality Network.[4] The claims that KoolConnect asserted in that later filed Massachusetts Action allege the functional equivalent of counterclaims to the claims asserted by Hospitality Network in the Nevada Action. Thereafter, Hospitality Network removed the Massachusetts Action to this Court and now seeks dismissal on the grounds of forum non-conveniens or, alternatively, a transfer to the U.S. District Court for the District of Nevada.

---

2   A copy of the Nevada Secretary of State of Web Site, showing that Eagle had been qualified to do business in Nevada is attached hereto as Exhibit C.
3   Hospitality Network later filed an Amended Complaint in April 2009 solely to clarify that KoolConnect was a New York corporation and not a Delaware corporation, as Hospitality Network originally had believed.
4   KoolConnect subsequently filed an Amended Complaint on or about April 3, 2009.

**ARGUMENT**

I. **The Massachusetts Action Should Be Dismissed Under The Doctrine Of Forum Non Conveniens**

"The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507 (1947). Further, in ruling on a forum non conveniens' motion to dismiss, courts weigh private and public interests (id. at 508), and these factors strongly militate in favor of dismissal in this case.

A. **The Private Interests Favor Dismissal**

With respect to the so-called private interests, the factors to be considered are (i) ease of access to sources of proof; (ii) availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining willing witnesses; and (iii) "all other practical problems that make trial of the case easy, expeditious and inexpensive." Id. These factors plainly favor dismissal because all the key events occurred in Nevada. Indeed, because the problems with the Intrigue System arose at the Wynn Resorts in Las Vegas, there is little doubt that discovery will have to be taken from various third parties located in Las Vegas. Further, because (i) Eagle had been authorized to do business in Nevada (see Exhibit C hereto) and has not been authorized to do business in Massachusetts,[5] and (ii) Hospitality Network is located in Nevada, ease of access to sources of proof and the cost of obtaining willing witnesses strongly favor litigating this matter in Nevada.

Further, in order to fully adjudicate the issues arising out of the failure of the Intrigue System, Eagle will have to be a party to the proceedings. Nevertheless, because Eagle is a Texas

---

5  Attached hereto as Exhibit D is a copy of a page from the Massachusetts Secretary of State's Web Site that one would expect to indicate a reference to Eagle if it was authorized to do business in the Commonwealth.

corporation that does not appear to have any ties to Massachusetts, it does not appear that this Court has personal jurisdiction over Eagle. Thus, if this Court does not dismiss the Massachusetts Action, Hospitality Network will still have to continue with the Nevada Action to vindicate its claims against Eagle. As such, if the Massachusetts Action is not dismissed, there will be an undue financial burden to obtain proof, there will be a duplication of effort and there will be a real risk of inconsistent judgments being entered. Thus, the practical problems associated with the Massachusetts Action also militate strongly in favor of dismissal.

### B. The Public Interests Favor Dismissal

The public interest factors consist of (i) the administrative difficulties for courts when litigation is piled up in a congested center instead of being handled at its origin; (ii) the fact that jury duty should not be imposed on people of a community who have no relation to the litigation; (iii) there is a local interest in having localized controversies decided at home; and (iv) "[t]here is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." Gulf Oil, 330 U.S. at 508-09.

In this case, virtually all of the key events took place in Nevada, and none took place in Massachusetts. Further, an innocent Nevada resident, Wynn Resorts, was harmed as a result of the conduct in this dispute. As such, Hospitality Network respectfully suggests that it would be unfair to impose upon a Massachusetts jury the burden of resolving this matter and that there is a strong local interest in Nevada deciding a controversy that took place there. Thus, the only public interest factors that are relevant and/or non-neutral favor dismissal.

In sum, all of the private and public factors strongly indicate that this matter should be litigated in Nevada and not in Massachusetts. See, e.g., Gianocostas v. Interface Group-

Massachusetts, Inc., 450 Mass. 715 (2008) (Massachusetts action *between Massachusetts* residents was dismissed on the on the grounds of forum non conveniens because all of the key events took place in the Dominican Republic).

## II.     If This Court Is Not Inclined To Dismiss The Massachusetts Action, It Should Be Transferred To The District Of Nevada[6]

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  "In addition to the convenience of parties and witnesses, the factors to be considered by the court [on a motion to transfer] include the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction." Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000).  All of these factors militate in favor of transferring this case to the District of Nevada.

### A.     The Convenience Of The Parties And Witnesses And The Interests Of Justice Favor A Transfer To Nevada

As the Supreme Court of the United States has noted, the convenience and interest of justice factors considered in connection with a motion to transfer are essentially the same as those considered in determining a motion to dismiss for forum non conveniens – except that the District Court has even broader discretion to transfer than it does to dismiss. Norwood v. Kirkpatrick, 349 U.S. 29, 30 (1955).  Thus, for all the same reasons discussed in Section I above, the convenience of the parties, the convenience of the witnesses and the interests of justice strongly favor transferring this case to Nevada.

---

6    There can be no genuine dispute that this action could have been brought in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(a), as Hospitality Network is a Delaware Corporation with a principal place of business in Las Vegas, Nevada; KoolConnect is a New York Corporation with a principal place of business in Massachusetts; and there is more than $75,000 in dispute.

### B. The First Filed Rule Compels The Transfer Of This Case To Nevada

As the First Circuit has noted, "[w]here identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987). Further, the first filed rule should control unless (1) there are "special circumstances" justifying a transfer, or (2) "convenience favors the later-filed action." The Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc., 294 F.Supp.2d 12, 16 (D. Mass. 2002). Here, the Massachusetts Action and the Nevada Action are duplicative (except that the Nevada Action includes additional claims against Eagle), the Nevada Action was filed first, and there are no special circumstances or convenience factors that would justify favoring the second filed, Massachusetts Action.

#### 1. There Are No "Special Circumstances" That Would Justify Abrogating The First-Filed Rule

"Special circumstances have been found to exist 'where a party has won the race to the courthouse by misleading his opponent into staying his hand in anticipation of negotiation[,] or by reacting to notice of imminent filing by literally sprinting to the courthouse the same day.'" Transcanada Pwer Mktg., Ltd. v. Narragansett Elec. Co., 402 F. Supp. 2d 343, 348 (D. Mass. 2005) (quoting Veryfine Prod., Inc. v. Phlo Corp., 124 F. Supp. 2d 16, 22 (D. Mass. 2000)). Here, there is nothing to suggest that Hospitality Network (i) lulled KoolConnect into a false sense of security so that it (Hospitality Network) could file the Nevada Action first; (ii) filed the Nevada Action as an immediate response to receiving a demand letter from KoolConnect; or (iii) engaged in blatant (or any) forum shopping. Further, a case does *not* "present an instance of blatantly improper forum-shopping [where e]ither of the two parties could have legitimately

initiated a claim in either of the two forums." Id.  Accordingly, no special circumstances exist that could provide a basis for this Court to ignore the first filed rule.

### 2. Massachusetts Is Not A More Convenient Forum In Which To Litigate The Parties' Disputes

Again, as discussed in Section I above, Massachusetts cannot be considered a more convenient forum than Nevada in which to litigate the disputes between the parties in light of the relative amounts of proof located in each jurisdiction.  Accordingly, KoolConnect cannot provide this Court with any reason of convenience for this Court to refrain from following the first filed rule.

### CONCLUSION

For all the foregoing reasons, Hospitality Network respectfully requests that its Motion to Dismiss or Transfer be allowed and that it be awarded all costs, expenses and legal fees it has incurred to defend against KoolConnect's unjustified filing of the Massachusetts Action.

Respectfully submitted,

**HOSPITALITY NETWORK, LLC**

By its attorneys

/s/Victoria L. Walton
Shepard Davidson, Esq. (BBO#557082)
sdavidson@burnslev.com
Victoria L. Walton, Esq. (BBO #650999)
vwalton@burnslev.com
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
Telephone:  (617) 345-3000
Facsimile:  (617) 345-3299

Dated: May 6, 2009

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 6, 2009.

                                              /s/Victoria L. Walton
                                              Victoria L. Walton, Esq.